GRIEFF & BYRNES *v.* WM. G. BETTERTON.

The Code of Practice authorizes the property of the debtor to be attached in whatever hands it may be found, and the attachment is effected by service of the process upon the person having in his possession the property of the debtor.

APPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. *Durant & Hornor,* for plaintiffs.

HOWELL, J.  Plaintiffs instituted suit against defendant by attachment, and garnisheed Montgomery & Brothers, auctioneers, who answered that they had no property belonging to defendant, but added that they held $3,919 12, proceeds of a lot of merchandize and office furniture, which was in the store No. 5 Tchoupitoulas street, lately occupied by him, and sold at the request and for the account of J. W. Goslee, of this city, and prayed that any further proceedings herein be taken contradictorily with said Goslee, who was thereupon served with the garnishment process.  He answered that the defendant had left with him certain goods and credits, most of which he placed in the hands of Montgomery & Brother, auctioneers, for sale, pursuant to the instructions of defendant, and the proceeds of which had not been paid over to him, because the plaintiffs had attached them.  He reserved the right to amend his answer, upon obtaining the return of the auction sale and proceeds thereof ; and stated, further, that they had been seized in his hands prior to the institution of this suit, in the case of *W. H. Walker & Co.* v. *Betterton,* in the United States Provisional Court, and he held the same subject to said seizure.

After judgment against defendant, a rule was taken on Montgomery & Brother to pay the amount thereof ; to which they answered that Goslee claimed the money in their hands, and prayed that he be made a party to the rule, which was done, and, on the trial thereof, counsel appeared also for Walker & Co. and Rodney & Co., attaching creditors of defendant ; judgment was rendered making the rule absolute, and ordering Montgomery & Brother to pay the amount of plaintiff's claim; from which, Walker & Co., Goslee, and Montgomery & Brother, appealed.

It is contended, on behalf of appellants, that the service of the garnishment process, from the United States Provisional Court, upon Goslee, prior to the one issued in this cause, effected the attachment of the money in the hands of Montgomery & Brother.

It will be remarked that the writ *in this case* was issued against and served upon the party in the actual, corporeal possession, and that, although their answers did not admit having property or funds of defendant, yet, the answers of Goslee, for whom they professed to hold, made it apparent that the funds really belonged to defendant, and the

attachment was, consequently, effectual, unless the process from the United States Provisional Court had reached them by the service upon Goslee.

A reference to the articles of the Code of Practice, relating to attachment, and the relations sustained by the garnishees, respectively, will solve this question in the negative.

The Code of Practice authorizes the property of the debtor to be attached in whatever hands it may be found, and the attachment is effected by service of the process upon the person *having in his possession* the property of the debtor. See Arts. 399, 446, 447.

In this instance, Montgomery & Brother, as public auctioneers, were in possession of the proceeds of defendant's property, which, Goslee says, he placed in their hands to be sold, *pursuant to the instructions of said defendant*, and their possession must, under the circumstances, be considered the possession of the principal or debtor. Up to the service of the attachment upon them, they had no notice of the attempt to attach in the hands of Goslee.

Taking, therefore, the answers of Montgomery & Brother and Goslee together, the attachment in the hands of the former was complete, and was not affected by the proceedings had in the United States Provisional Court.

Judgment affirmed, with costs.